United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Amerikooler, LLC, f/n/a | ) | |
| Amerikooler, Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Coolstructures, Inc., f/k/a | ) | Civil Action No. 17-24420-Civ-Scola |
| Americool Structural Panels, Inc., | ) | |
| f/k/a Americooler, Inc., and | ) | |
| Aleksey Viktorov, a/k/a Aleks | ) | |
| Victorov or Viktorov, a/k/a Alex | ) | |
| Viktorov, a/k/a Al Viktorov, | ) | |
| Defendants. | ) | |

## Omnibus Order on Plaintiff's Motions to Dismiss/Strike the Defendants' Counterclaims

This matter is before the Court on the Plaintiff's motion to dismiss/strike Defendant Aleksey Viktorov's counterclaim (ECF No. 127) and Defendant Coolstructures Inc.'s counterclaim (ECF No 128). The Defendants timely responded (ECF Nos. 130, 131) and the Plaintiff replied (ECF Nos. 135, 136). Upon review of the record, the relevant caselaw, and the parties' submissions, the Court **grants in part and denies in part** the Plaintiff's motions. (**ECF Nos. 127, 128**.)

## I.    Background

Plaintiff Amerikooler, LLC filed its Third Amended Complaint against Coolstructures Inc. and Aleksey Viktorov for trademark infringement and a number of additional claims under federal and state law. (ECF No. 102.) The Plaintiff alleges that the Defendants are using confusingly similar marks on their competing products, including the name "Americooler," thereby causing consumer confusion and dilution of the Plaintiff's trademark. (*Id.* at ¶ 3.) The Defendants filed their answers and counterclaims on March 11, 2019. (ECF Nos. 113, 114.) Both counterclaims seek declaratory judgment regarding the status of the name "Coolstructures" (Count I) and cancellation of the Plaintiff's trademark (Counts II and III) based on allegations of fraud on the trademark office. (ECF No. 113 at 33-39; ECF No. 114 at 33-39.)

The Plaintiff now moves to dismiss or strike the Defendants' counterclaims arguing that the counterclaims are untimely, the Defendants lack standing, and

there is no case or controversy regarding the use of the name "Coolstructures." (ECF Nos. 127, 128.) The two motions are almost identical, but the Court will discuss each in turn.

## II.    Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Under Federal Rule of Civil Procedure 12(f), a district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Parties employ motions to strike to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Ottesen v. St. Johns River Water Mgmt. Dist.*, No. 6:14-CV-1320-ORL-31, 2015 WL 2095473, at *1 (M.D. Fla. May 5, 2015) (internal quotation marks and citations omitted). Nevertheless, striking a pleading or a portion thereof is "a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law." *Id.* (internal quotation marks and citations omitted).

## III. Analysis

### A. Plaintiff's Motion to Dismiss/Strike Defendant Viktorov's Counterclaim

The Plaintiff's motion to dismiss Viktorov's counterclaim consists of two brief paragraphs of "argument" regarding Viktorov's standing. (ECF No. 127 at ¶¶ 17-18.) The Plaintiff states that Viktorov lacks standing because "he is being sued personally for the actions of the Defendant." (*Id.* at ¶ 17.) In its three-sentence argument, the Plaintiff does not cite a single case for the proposition that a corporate officer sued in his personal capacity for trademark infringement cannot bring a counterclaim against the Plaintiff. "The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). When parties do not explain their arguments or support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). The Court will not do the research for the Plaintiff on this point. To the extent the Plaintiff's motion is based on Viktorov's lack of standing as a corporate officer, the motion is denied.

Next, the Plaintiff argues that Viktorov lacks standing to bring Counts II and III for cancellation of the trademarks because "he has no direct interest and has not alleged and cannot allege he has been or will be damaged resulting from the Plaintiff's use of its trademarks." (ECF No. 127 at ¶ 18.) Viktorov responds by arguing that the very fact that he is a defendant in this lawsuit creates a reasonable apprehension that he will be subject to liability and damaged by the Plaintiff's use of the trademark. (ECF No. 131 at 6.) To establish standing, a party seeking to cancel a trademark must show that it "has a real commercial interest in the disputed mark, and a reasonable basis for the belief that it would be damaged by the registration of the mark." *Gross v. Guzman*, No. 11-23028-CIV, 2012 WL 12863969, at *4 (S.D. Fla. July 5, 2012) (Ungaro, J.). Courts in this district have held that the "Defendant's standing to bring an action to cancel Plaintiff's trademark registrations is inherent in its position as a defendant in the original proceeding." *Id.* at *5. Accordingly, the Court finds that Viktorov has standing to bring Counts II and III.

The rest of the motion "details[s] the reasons why the counterclaim filed [by] Coolstructures should be dismissed/stricken. These reasons appear in the Motion to Dismiss/Strike Defendant Coolstructures Inc.'s Counterclaim." (ECF No. 6 at n.4.) Because the Plaintiff bases its remaining arguments on the Court's

dismissal of Coolstructures' counterclaim, the Court will address the remaining arguments below.

## B. Plaintiff's Motion to Dismiss/Strike Defendant Coolstructures' Counterclaim

The Plaintiff's motion first seeks to strike Coolstructures' counterclaim as untimely. (ECF No. 128 at ¶¶ 16-20.) The Court granted the Plaintiff's motion for leave to file its Third Amended Complaint on January 9, 2019. The Plaintiff now argues that the Court's order granting the Plaintiff leave to amend its complaint did not give Defendant Coolstructures permission to assert a counterclaim for the first time when the previous answers had not included a counterclaim. (ECF No. 128 at ¶ 17.) The Court finds that these arguments are now moot. On May 24, 2019, the parties filed a *joint* motion to extend certain deadlines in the Court's scheduling order. (ECF No. 153.) One of these deadlines was the deadline to join additional parties and to amend pleadings. The parties agreed to a new deadline of July 8, 2019. (*Id.* at 3.) The Court granted that motion and amended the scheduling order.[1] (ECF No. 154.) Given the new *agreed* deadline, the counterclaim is timely.

The Plaintiff next argues that Coolstructures' claim for cancellation of Plaintiff's trademarks must be dismissed because Coolstructures "lacks standing because it has failed to make any allegations concerning damage resulting from the Plaintiff's use of its trademarks." (ECF No. 128 at ¶ 21.) As discussed above, Coolstructures' standing "is inherent in its position as a defendant in the original proceeding." *Gross,* 2012 WL 12863969, at *5. It is clear from Coolstructures' position as defendant in the main lawsuit that it may be damaged by the Plaintiff's trademark registration. Accordingly, the Plaintiff's motion to dismiss Counts II and III is denied.

Lastly, the Plaintiff argues that the Defendant's claim for declaratory relief should be dismissed because there is no case or controversy. (ECF No. 128 at ¶ 22.) The Defendant's declaratory judgment count seeks a declaration from the Court that its use of the name "Coolstructures" does not infringe on the Plaintiff's trademark. (ECF No. 113 at 33-34.). The Plaintiff argues that there is no case or controversy because the use of the name "Coolstructures" is not at issue in this

---

[1] The parties' motion asked the Court to set a deadline of July 8, 2019 to amend pleadings and June 28, 2019 to complete fact discovery. (ECF No. 153.) Upon further review, the Court believes the deadline should have been June 8th rather than July 8th because the discovery deadline cannot come *before* the pleadings are amended. Accordingly, the Court will enter an amended scheduling order to correct this mistake.

lawsuit. The Plaintiff's complaint is based on the Defendant's use of "Americool" and "Americooler," not "Coolstructures." (ECF No. 128 at ¶ 22.)

"Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims. The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so." *Knights Armament Co. v. Optical Sys. Tech., Inc.,* 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) (internal quotations and citations omitted). Moreover, the "Court's discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct action involving the same parties and the same issues has already been filed." *Id.* at 1374-75. Here, the question of whether the name "Coolstructures" is infringing on the Plaintiff's trademark is not at issue. The Plaintiff's complaint is based on Coolstructure's use of the names "Americool" and "Americooler." The counterclaim cannot put the use of the name Coolstructures at issue. Coolstructures has not pled alleged trademark infringement or any other cause of action related to the name "Coolstructures." Because the Defendant "has not pled a valid case or controversy over [the name Coolstructures], the Court holds that no declaratory judgment action is permitted or warranted on that issue." *Id.* at 1375. Accordingly, the Court dismisses Count I of Coolstructures' counterclaim and Count I of Viktorov's counterclaim for declaratory judgment.

## IV. Conclusion

Based on the foregoing, the Court **grants in part and denies in part** the Plaintiff's motions to dismiss the Defendants' counterclaims. (**ECF Nos. 127, 128**.) The Court dismisses Count I of Viktorov's counterclaim and Count I of Coolstructures' counterclaim with prejudice. The Plaintiff's motion to dismiss Counts II and III of the counterclaims is denied.

**Done and ordered**, at Miami, Florida, on June 4, 2019.

Robert N. Scola, Jr.
United States District Judge